United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims, Series LLC, <br> Plaintiff, <br><br> v. <br><br> American Family Connect Property <br> and Casualty Insurance Company, <br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 23-20126-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

**Order on Motion to Dismiss**

    This matter is before the Court upon motion to dismiss filed by Defendant American Family Connect Property and Casualty Insurance Company ("American Family"). (Mot., ECF No. 10.) The Plaintiff, MSP Recovery Claims, Series LLC ("MSP Recovery"), has responded. (Resp., ECF No. 12.) American Family timely replied. (ECF No. 14.) The Court has reviewed the briefing, the record, and the relevant legal authorities, and is otherwise fully advised on the premises. For the reasons stated below, the Court **grants** the motion to dismiss. (**ECF No. 10**.)

    **1. Background**

    The Defendant, American Family, removed this case from state court on January 11, 2023. (Not. of Removal, ECF No. 1.) The Plaintiff, MSP Recovery, seeks recovery under the Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. §§ 1395y, *et seq.* The Plaintiff's complaint against the Defendant is one of numerous similar actions that have been filed by the Plaintiff and other related entities in district courts throughout the United States. These cases tend to involve similar sets of allegations, that the Plaintiff or one of its affiliates obtained an assignment from a Medicare Advantage Organization ("MAO"), to try to recover money linked to payments made or costs incurred by such MAO for the medical treatment of their enrollees who were injured in accidents. (Compl. ¶ 1, ECF No. 1-2.)

    The MSP was enacted to combat the rising costs of Medicare. The MSP reformed the Medicare system such that Medicare and MAOs became secondary payers who would not bear the costs of medical procedures that were already covered by primary payers, i.e. other private insurance companies. Under the MSP, Medicare and MAOs could still make "conditional payments" to cover the medical bills of their beneficiaries where a primary

payer, such as the Defendant, could not be expected to remit prompt payment. Where Medicare or an MAO "has made a conditional payment, the primary payer's 'responsibility for such payment' has been 'demonstrated,' as by a judgment or settlement agreement" and the primary payer is responsible to reimburse Medicare or the MAO within 60 days. *See MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 974 F.3d 1305, 1309 (11th Cir. 2020). When a primary payer fails to remit such payment, Medicare can seek double damages from the primary payer under the MSP's right of action for the government. *Id.* Assignees of MAOs, likewise, can seek double damages under the MSP's private right of action. *Id.*

Here, the Plaintiff brings three claims: one claim under the MSP Act's private cause of action, one claim for breach of contract, and one claim for declaratory judgment. (Comp. ¶¶ 35-52.) To support those claims, the Plaintiff alleges that the Defendant, as a primary payer, has "failed to report its primary payer status" and that it subsequently failed to reimburse the MAO at issue here for medical expenses incurred by a patient, identified as "S.N.," resulting from a September 1, 2017, accident. (*Id.* ¶¶ 15-19.) The Plaintiff pleads that the medical expenses at issue "were invoiced and valued at $6,174.00" and attaches an exhibit supporting that claim. (*Id.* ¶ 17, Ex. A.) MSP Recovery never names the MAO that allegedly incurred the claims. (*See generally id.*)

MSP Recovery alleges that it "has the legal right to pursue this MSP Act claim pursuant to a valid assignment agreement." (*Id.* ¶ 29.) MSP Recovery also alleges that the MAO at issue here assigned multiple MSP Act claims to it on December 23, 2021. (*Id.* ¶ 30.) It further alleges that the claims in the December 23, 2021, agreement "exclude claims that are currently being pursued by or on behalf of MSP Recovery's assignor." (*Id.* ¶ 31.) MSP Recovery never names its assignor, never expressly alleges that S.N.'s claim is part of the December 23, 2021 assignment agreement, and never expressly alleges that S.N.'s claim is not subject to the identified carve-out. (*See generally id.*)

American Family moved to dismiss the complaint after removal, arguing that MSP Recovery has failed to sufficiently allege the needed factual support to demonstrate it has standing under the alleged assignment agreement, and for failure to state a claim upon which relief may be granted. (Mot. at 4-13.) MSP Recovery, in response, argues that it has provided the necessary prerequisites for standing and that it has sufficiently pleaded its individual claims for relief. (Resp. at 5-13.)

## 2. Legal Standard

A challenge to a plaintiff's standing to bring a lawsuit is analyzed under Federal Rule 12(b)(1). *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*,

No. 20-24077-Civ, 2021 WL 358670, at *1 (S.D. Fla. Feb. 1, 2021) (Altonga, J.). As standing is jurisdictional, it has the same effect as a dismissal for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). *Id.* (discussing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1244, 1251 (11th Cir. 2008)). A motion to dismiss pursuant to Rule 12(b)(1) may be based on either a facial or factual attack to the complaint. *Id.* A facial attack asks whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction whereas a factual attack requires the Court to consider matters outside the pleadings such as testimony and affidavits. *Id.*

In order to prove standing, a plaintiff must allege he has suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish injury in fact, a plaintiff must show that he suffered an invasion of a legally protected interest that is concrete and particularized and actual and imminent, not conjectural or hypothetical. *Id.* at 1548. For an injury to be particularized, it must impact the plaintiff in a personal and individual way. *Id.* For the injury to be concrete, it must be real and not abstract. *Id.* at 1548-49.

### 3. Analysis

The assignee of a claim has standing to assert an injury in fact suffered by the assignor. *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020). Under the MSP Act, an assignee has standing to sue if "(1) it's ultimate assignor suffered an injury-in-fact, and (2) the assignor's claim arising from that injury was validly assigned." *Id.* (cleaned up). The Plaintiff must allege sufficient facts supporting the existence of a valid assignment agreement, and it may not rely solely on legal conclusions about the existence of such an agreement in doing so. *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharms., Inc.*, 281 F. Supp. 3d 1278, 1283 (S.D. Fla. 2017) (Ungaro, J.) (finding that the plaintiff failed to plead essential terms of the alleged assignment agreement, including the identity of the alleged assignor, and therefore failed to plead sufficient facts to establish standing); *MSP Recovery Claims, Series LLC v. Endurance Am. Ins. Co.*, No. 20-23219-CIV, 2021 WL 706225, at *3 (S.D. Fla. Feb. 23, 2021) (Scola, J.) (finding the same where the plaintiff failed to plead more than legal conclusions establishing the rights to the allegedly assigned claim). Crucially, however, MSP Recovery does not allege several details of the alleged assignment. Plaintiffs fail to allege the identity of the MAOs whose reimbursement rights they claim to own, the dates of the assignments, or the essential terms.

 First, MSP Recovery does not allege or otherwise provide the name of the MAO that it claims assigned it claims in the December 23, 2021 agreement. The Plaintiff pleads that the agreement contains a confidentiality provision that requires "MSP Recovery's assignor to remain confidential." (*Id.* ¶ 29 n.3.) MSP Recovery never moved to file the name of the MAO under seal. Instead, MSP Recovery states that it "will disclose the assignor's identity under seal <u>upon the granting of a motion requesting that relief</u>." (*Id.* (emphasis added.)) MSP Recovery never filed such a motion. The name of its assignor is an essential term of the alleged assignment agreement, and MSP Recovery fails to plead it. *Boehringer Ingelheim*, 281 F. Supp. 3d at 1283 ("Plaintiffs fail to allege the identity of the MAOs whose reimbursement rights they claim to own.").

 Second, MSP Recovery never actually alleges that the unnamed MAO assigned it the specific claim relating to the September 1, 2017, accident. Rather, MSP Recovery alleges only that it "has the legal right to pursue this MSP Act claim pursuant to a valid assignment agreement." (Compl. ¶ 29.) But this allegation is merely a legal conclusion, and MSP Recovery never provides even a portion of the alleged assignment agreement demonstrating that this claim was actually assigned. *Endurance*, 2021 WL 706225, at *3; (*see generally* Compl.) Nor does MSP Recovery plead that this claim was specifically assigned. (*See generally* Compl.) And, instead of providing the full terms of the agreement to confirm that allegation, MSP Recovery alleges only that a portion of the agreement provides that the MAO "assigns, transfers, conveys, sets over and delivers to Assignee any and all of Assignor's right, title, ownership, and interest in Medicare Advantage Parts A, B and C payments owed by Responsible Parties . . . ." (*Id.* ¶ 30.)

 Third, this issue is compounded by the fact that MSP Recovery next identifies that, notwithstanding the language it previously quoted, the claims it was assigned "exclude claims that are currently being pursued by or on behalf of MSP Recovery's assignor." (*Id.* ¶ 31.) Once again, MSP Recovery fails to follow up with an allegation stating that the claim at issue here is not one of the excluded claims. (*See generally id.*) Instead, MSP Recovery pleads only another legal conclusion, stating that "[t]he claim set forth in this Complaint is not subject to any carveout, exclusion, or any other limitation in law or equity that would impair MSP Recovery's right to bring the claim asserted in this case." (*Id.* ¶ 33.)

 Simply put, the complaint here is remarkably similar to the complaints dismissed in *Boehringer Ingelheim* and *Endurance*: stripped of its legal conclusions, the complaint fails to allege that MSP Recovery has actually been assigned S.N.'s claim. 281 F. Supp. 3d at 1283; 2021 WL 706225, at *3. As in *Boehringer Ingelheim*, MSP Recovery fails to plead the identity of its alleged

assignor. 281 F. Supp. 3d at 1283. And, as in *Endurance*, MSP Recovery pleads only the legal conclusion that the MAO "assigned certain rights under the assignment agreement." 2021 WL 706225, at *3. Similarly, MSP Recovery pleads that the claim at issue "is not subject to any carveouts or exclusions." *Id.* But it provides no factual assertions to support those legal conclusions, which the Court may therefore discount. *Id.*; (Compl. ¶¶ 29-33.)

Based on these deficiencies, the Court finds that MSP Recovery has not provided sufficient factual pleadings to support the existence of an assignment and, therefore, its own standing. *Boehringer Ingelheim*, 281 F. Supp. 3d at 1283 (finding a lack of standing where the plaintiff failed to allege facts supporting the existence of the essential terms of the alleged assignment agreement); *Endurance*, 2021 WL 706225, at *3 (same) Accordingly, the Court must dismiss the Plaintiff's claim for lack of standing.[1]

### 4. Conclusion

The Court therefore **grants** the Defendant's motion to dismiss the Plaintiff's complaint. (**ECF No. 10**.) Accordingly, the Court **dismisses** the complaint **without prejudice**. Any pending motions are **denied as moot**. The Clerk is directed to **close** this case.

**Done and ordered**, in Miami, Florida, on March 14, 2023.

Robert N. Scola, Jr.
United States District Judge

---

[1] Because the Court finds that the Plaintiff fails to establish standing, and therefore lacks subject matter jurisdiction, the Court declines to address the remainder of the Defendant's arguments in its motion to dismiss.